CAVANAUGH, Judge.
Plaintiff sued the defendant for the sum -of $337.10, with legal interest thereon from judicial demand until paid, for damages to wire fences situated upon plaintiff’s land •described as “Sy2 SWJ4 SWy4 Section IS and 10 acres, more or less, in the northwest •corner of NWj4, Section 22, Township 3 South, Range 13 East, and being all of the land in the NW% of NWJ4 said section, township and range, lying north of Jessie Branch and Bogalusa Creek”. The plaintiff had sold the defendant by warranty deed •dated February 29, 1952 “all of the timber of every size, make and specie suitable for any commercial use, including any and all pulp wood lying, standing or being on the property hereinabove described” and granted to the defendant ninety days commencing March 1, 1952 within which to cut and remove the timber.' The defendant under a stipulation in the deed agreed to do no damage other than normal wear and tear in removing the timber from the land and in the event of any damage other than contemplated herein the defendant agreed to be responsible therefor.
The defense to the suit is a general denial, except that defendant admits the purchase and cutting of the timber.
After trial, judgment was rendered in favor of plaintiff and against the defendant for the sum of $200 with legal interest thereon from judicial demand until paid and •costs.
From the judgment, the defendant has appealed, and the plaintiff has filed answer to the appeal in this court, praying that the judgment be amended by increasing the amount to $337.10 with legal interest as prayed for in his original petition.
This appeal presents only questions of fact and was fully briefed by plaintiff and defendant in the trial court. Plaintiff testified in the case and produced six witnesses, some of whom were familiar with the condition of the fence prior to the cutting of the timber by defendant. Other witnesses testified to the cost of repairing the damage done to the fence. 'The witness, Ralph Welsh, lived on land adjoining plaintiff’s land' and saw defendant’s logging crew cutting and manufacturing the timber plaintiff sold to defendant into saw logs. A part of the timber conveyed by the deed was situated outside of plaintiff’s fences. Defendant’s loggers, in cutting this timber outside of plaintiff’s fences, were throwing the trees on Welsh’s land. He protested to defendant’s foreman, Chalmers Wells, and asked that it be discontinued. Plaintiff testified he protested to defendant about damaging his fence in his logging operations and also protested to some of the crew or defendant’s foreman. Plaintiff had estimates made by Leander Baughman, B. J. Williams and Ernest Parker as to the cost necessary to repair the fence after the damage. The witness, Baughman, estimated the total cost of repairing the fence would amount to $337.-10, which would include 4 rolls of 39" wire in the sum of $84, one roll of barb wire, 4 point, $10.50, 128 fence posts at 79‡ each, $89.60, labor $150, 25 pounds of staples, $3. The other witnesses, Williams and Parker, testified that the labor and material for repairing the fence would cost $341.21.
The witnesses Welsh and Little testified that the fence was in a good state of repair and their testimony undoubtedly convinced the Trial Court that the fence around plaintiff’s land was in such condition as to serve the purpose of a pasture or to keep stock within or without the enclosure. The defendant’s witnesses testified that the fence was down in some places when they commenced their timber operations and especially along the south side and southeast corner in a swamp and that the fence had *600 been knocked down or’ a portion of it from overflow in what they called a reed or cane break. These witnesses admit that the wire was cut in a number of places and rolled back. One of the fence posts, together with some of the wire attached thereto, was filed in evidence in the case and was also exhibited and examined by this court on the argument of the case on appeal. The Trial Judge saw and heard all of. these witnesses' testify in the case and no doubt reasoned that the plaintiff did not prove that he was entitled to the full amount of his claim as reflected by the estimate. made by Baugh-man, but that plaintiff at least proved a substantial portion of his claim especially for that amount of the fence which defendant admitted it cut and rolled back and did not replace.
The defendant insists here that plaintiff had told defendant or his employees not to pay any attention to the fence because it was down. It would appear from the testimony that damage to the fence was considered when plaintiff executed the deed in favor of defendant because the notary who passed the deed and who represents the defendant thought it did. Defendant did not make any special plea that the plaintiff had waived any claim for damages to his fence during the course of defendant’s logging operations and plaintiff having denied waiving such right, we can not see that the Trial Judge committed error in holding for plaintiff for a part of his claim. It may be that the plaintiff did agree for two of defendant’s loggers to cut and fell a few trees in the particular area where plaintiff discussed with the flathead Chatman about felling a tree on the wire fence where it was down. Defendant used a skidder and also teams in his logging operations. One of his loggers stated that you couldn’t drive a mule across a wire fence and it down because they would get their feet caught in the wire.. He wasn’t asked and neither did he say what damage could have been done by the operation of a skidder in bunching the logs.
The plaintiff insists here that we should amend the judgment and increase the award to the amount sued for. We do not feel justified in increasing the amount.of the judgment because the record does not show that the plaintiff was entitled to a new fence around his entire property. The fence was built in 1937, and no doubt the cost of constructing a fence or repairing the part which the Lower Court found damaged by defendant in his logging operations would be much more now than it was when constructed. Plaintiff is only entitled to recover damages in such amount as is necessary to replace the fence in the condition it was in when damaged. The record is not in such shape to justify our increasing the judgment.
For the reasons assigned, the judgment appealed from is affirmed at the cost of the appellant.